UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM HENRY HAPGOOD, II, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:11CV00036 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case is a motion under 28 U. S. C. § 2255 to vacate, set aside or correct sentence by William Henry Hapgood, II, a person in federal custody. On February 26, 2009, Hapgood plead guilty before this Court to the offense of manufacture of a detectable amount of methamphetamine and being a felon in possession of a firearm and, on August 10, 2009, this Court sentenced Hapgood to the Bureau of Prisons for a term of 180 months, a sentence within the sentencing guideline range. Hapgood's § 2255 action, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

**I.        PROCEDURAL HISTORY**

On August 14, 2008, State and local police officers conducting a drug investigation were present at Hapgood's residence in Perry County, Missouri. (Plea Stip, p. 9)[1] After receiving consent to search, officers located a small amount of methamphetamine, a number of items used in the illegal manufacture of methamphetamine and packaging for pseudoephedrine, which is a key component of methamphetamine. (Plea Stip, p. 9) Also located were a five shotguns, a revolver and some ammunition. (Plea Stip, pp. 9-10)

---

[1]Written Plea Agreement and Stipulation.

Hapgood admitted to an Agent of the Bureau of Alcohol, Tobacco and Firearms that he used methamphetamine every day if it was available and that he had manufactured methamphetamine at the house on three separate occasions. (Plea Stip, p. 10) Hapgood also stated that all of the firearms seized from the residence belonged to him, and that he was aware that he was a convicted felon and that he couldn't own firearms. (Plea Stip, p. 10)

Hapgood's prior record includes two Illinois convictions for residential burglary where he entered into dwellings with the intent to commit theft. (PSR ¶ 36, 38)[2] The two Illinois residential burglary convictions were for two separate counts in one case for offenses that were committed on occasions different from one another. (PSR ¶ 31) The two offenses involved two separate victims and locations and were committed some eleven days apart. (Exhibit "B")[3] Hapgood also has one Missouri conviction for burglary second where he stole tools and tool boxes from a business. (PSR ¶ ¶ 40, 42)

Hapgood was indicted by the Federal Grand Jury sitting at Cape Girardeau, Missouri on November 20, 2008 and charged with manufacturing a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), and with being a felon in possession of six firearms in violation of 18 U.S.C. 922(g)(1). (Document 1)

On February 26, 2009, Hapgood plead guilty to both counts as charged pursuant to a written plea agreement and stipulation (Plea Stip) with the Government and the matter was set over for a sentencing hearing. The disclosure copy of the presentence report was released on or about April 13, 2009. (Document 32) In the presentence report, the Probation Office determined

---

[2]Presentence Report.

[3]Copy of the Charging instrument in Randolf County, Illinois case 92-CF-2.

from its review of the relevant court records that Hapgood had not one, but two separate residential burglary convictions for offenses that had occurred on occasions different from one another, but had been charged in the same case. (PSR ¶ 31) As a result Hapgood was subject to the enhanced penalty provisions under 18 U.S.C. § 924(e)(1), including the mandatory minimum 15 year sentence. (PRS ¶ 31) The resulting guidelines calculations called for a total offense level of 31, an automatic criminal history category of VI and an advisory guidelines imprisonment range of 188 to 235 months. (PSR ¶ 84)

Although Hapgood's attorney requested two continuances to consider contesting the convictions, (Documents 34 & 36) Hapgood never moved to withdraw his plea of guilty, never asserted that those were not his convictions or that they did not qualify as crimes of violence for purposes of the enhancement. (TRS, pp. 19-20) At sentencing, Hapgood complained about being subjected to the mandatory 15 year minimum, but acknowledged that it was required by the current state of the law. (TRS, pp. 20-21)

This Court sentenced Hapgood to 180 months on each count, ordered to run concurrently, followed by three years of supervised release. (TRS, p. 27) Hapgood filed a timely notice of appeal on August 19, 2009 and his attorney filed an Anders brief. The Court of Appeals granted Hapgood permission to file a pro-se supplemental brief raising any additional issues that he wished to bring to the Court's attention. Hapgood filed his pro se brief raising three issues, which included a challenge to the voluntariness of his plea of guilty, a contention that the District Court should have consulted the arrest records of his priors and a claim of ineffective assistance of counsel. All three of Hapgood's issues were resolved by the Court of Appeals, which affirmed the District Court. *United States v. Hapgood*, 373 Fed.Appx. 636 (8th

Cir. May 3, 2010)

Hapgood subsequently filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255, herein.

## II. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF

28 U.S.C. §2255 provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under §2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. Id. at 225-6. See also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims

raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

III.  ARGUMENT

A. MOVANT WAS PROPERLY CLASSIFIED AS AN ARMED CAREER CRIMINAL.

Hapgood alleges in his first ground that he was not properly sentenced as a career offender, because two of his predicate convictions, the residential burglary convictions in Illinois were not committed on occasions different from one another as is required by 18 U.S.C. 924(e)(1). He states:

> Here Petitioner was sentenced incorrectly as an armed career criminal because his prior convictions **stemmed from one incident rather than from separate occasions**. An examination of Petitioner's Shepard-approved documents evinces this fact: **the two counts of burglary transpired on the same day in December 1991**. Nowhere on the four corners of Petitioner's two burglary documents - - e.g., the respective charging information, statutes of conviction, plea agreements, judgements of conviction, and sentencing orders - - are there any words indicating that these offenses occurred separately. Importantly, **the offenses committed in December of 1991, were simultaneous and must be considered one occasion for purposes of ACCA**. (Petitioner's Memorandum of Law, Document 2, p. 6) (Emphasis added)

This issue was never raised in this Court, in spite of two continuances requested by Hapgood's trial counsel to consider that as a possibility. Nor did Hapgood raise this issue on appeal, either through his attorney or in the pro se brief that he filed in the matter. Hapgood choose not to advance this particular claim in the direct appeal, and as a result, he is now barred from presenting it in a Motion pursuant to 28 U.S.C. § 2255. (*Bousley v. Brooks*, 97 F.3d 284,

287 (8th Cir. 1996)).

Hapgood's argument also suffers from a more severe impairment in that it has no basis in fact. An examination of the charging instrument from the Illinois residential burglary convictions indicates that the two offenses charged in the two count Information occurred some eleven days apart, and involved different victims and locations. The pertinent portions of the Information read as follows:

> ...William H. Hapgood, II, committed the following offenses within Randolph County, Illinois, **on the 25th day of December, 1991**, to-wit: Count I, RESIDENTIAL BURGLARY in that the said defendant knowingly and without authority, entered into the **dwelling place of Charles V. Yankey**, Post Office Box 34, Rockwood, Randolph County, Illinois, with the intent to commit therein a theft....Count II, RESIDENTIAL BURGLARY in that the said defendant **on the 5th day of January, 1992**, knowingly and without authority, entered into the **dwelling place of John & Eugenia Reid**, located at Box 21, Rockwood, Rockwood, Randolph County, Illinois, with the intent to commit therein a theft.. (Exhibit "B") (emphasis added)

One wonders on what basis Hapgood makes the claim that both of these offenses took place "simultaneously" or even "on the same day" when the record clearly reflects that they were committed in two different years, one occurred on the 25th of December, 1991, and one occurred eleven days later on the 5th of January, 1992.

In order to qualify as predicate offenses under the statute, each prior conviction must be "a separate and distinct criminal episode, rather that part of a continuous course of conduct." *United States v. Deroo*, 304 F.3d 824, 828 (8th Cir. 2002). In *United States v. Gray*, 85 F.3d 380 (8th Cir. 1996), the defendant made an identical argument concerning three burglary convictions that qualified him as an armed career criminal. Gray burgled two houses on January 3, 1982 and a third on January 12, 1982. (Id) In rejecting Gray's contention that all three offenses should not

count as predicates, the Court stated:

> Gray argues in the alternative that only two of his convictions should count as predicate felonies because he burgled two houses on the same day. He claims that only twenty five minutes elapsed between the burglaries. In other words, he urges us to hold that he committed the burglaries on two occasions rather than the required three. We believe, however, that this case is controlled by *United States v. Hamell*, 3 F.3d 1187 (8th Cir. 1993)...In *Hamell*, we held that two assault convictions occurring twenty five minutes apart (the defendant stabbed one victim in a bar and then shot a second outside the bar), were separate offenses under the ACCA....The principle that we announced in *Hamell* is sufficiently broad to govern the outcome of this case. In fact, in *Hamell* we cited with approval several decisions from other circuits that had held that multiple burglaries committed on the same day were separate offenses committed under the ACCA. *Gray*, 85 F.3d 380, 381. (Internal citations omitted)

Given the underlying facts of the convictions involving two different residences, two different sets of victims, and committed eleven days apart, there is no doubt but that these are separate offenses and that Hapgood was very clearly properly classified as an Armed Career Criminal.

**B. MOVANT DID NOT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL.**

Hapgood claims in his second ground for relief that his attorney was ineffective in failing to advance his claim that the burglaries were not two separate offenses for purposes of the Armed career Criminal Act.

In order to prevail on a theory of ineffective assistance of counsel, the Movant must demonstrate two separate things; that counsel's representation fell below an objective standard of reasonableness (was constitutionally deficient) , and secondly that counsel's deficient performance materially and adversely prejudiced the outcome of the case. *Furnish v. United States of America*, 252 F.3d 950, 951 (8th Cir. 2001) While counsel has a duty to make reasonable investigations and decisions, "in determining whether counsel's performance was

deficient, the court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" ". *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (*citing Strickland, 466 U.S. at 689*)

In order to prove that counsel's error was prejudicial, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability has been described as "a probability sufficient to undermine confidence in the outcome". *Id*. However, the reviewing court need not address the issue of counsel's performance if it determines that the movant "suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F.3d 710, 712 (8th Cir. 1997)

In this instance, Hapgood was clearly not prejudiced by his attorney's failure to advance an argument that had no basis in either law or fact. Counsel can not be considered to be ineffective for failing to raise issues upon which a defendant would not have prevailed. *United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983) Nor is an attorney under an obligation to pursue an unpromising investigation. *Harvey v. United States*, 850 F.2d 388, 403 (8th Cir. 1988) This ground for relief shall also be dismissed without the necessity of an evidentiary hearing.

**C. BURGLARY SECOND IS A VIOLENT CRIME AS A MATTER OF LAW.**

In his final claim Hapgood alleges that Burglary Second is not a crime of violence for purposes of the Armed Career criminal Act. (Memo, p.13) This claim is also without merit. As a preliminary matter, Hapgood is barred from bringing this claim pursuant to a Section 2255 challenge because he has already litigated it on the direct appeal. "It is well settled that claims

which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189 (8th Cir. 1981), (See also; *Anderson v. United States*, 619 F.2d 772, 773 (8th Cir. 1980)).

Hapgood raised, and lost, this identical issue on his direct appeal. The Court of Appeals stated:

> ...counsel argues that Hapgood's Missouri convictions for second degree burglary and residential burglary do not qualify as "violent felonies" for purposes of armed career criminal status. We hold that they do. *United States v. Hapgood*, 373 Fed.Appx. 636 (8th Cir. May 3, 2010)(unpublished opinion).

Nor is Hapgood's contention the law. In *United States v. Haas*, 623 F.3d 1214 (8th Cir. 2010) the defendant made an identical argument that his prior convictions for burglarizing a motor home and a locked garage were not crimes of violence for purposes of career offender treatment in light of *Begay*. The Court ruled that the burglary convictions were in fact qualifying priors and commented that *Begay* did not undermine the Court's previous decisions that generic burglary, including burglary of a commercial building is a crime of violence. *Haas*, 623 F.3d 1214, fn 6.

In *United States v. Webster*, 2011 WL 710202 (8th Cir. March 2, 2011), the Court commented on this issue in the context of the Government's argument that the district court had erred in finding that the defendant had not been proven to have been convicted of a violent felony.

> Title 18, United States Code, Section 924(e)(2)(B)(ii) specifically includes the crime of burglary within the definition of "violent felony"...it is settled "that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*, Citing *Taylor*, 495 U.S. at 599.

Clearly this contention is also completely without merit.  This ground, too, shall be dismissed without the necessity of conducting an evidentiary hearing.

**IV.**                                          **CONCLUSION**

For the foregoing reasons, Hapgood's § 2255 motion is **DENIED**.

**SO ORDERED** this 30th day of November, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE